### BENEDICT vs. GILMAN & COUCH.

Upon a statute foreclosure, if there are judgments which are liens upon the equity of redemption, the purchaser obtains the whole legal and equitable interest in the mortgaged premises, as against the mortgagor and all persons claiming under him, subject to the equitable right of the judgment creditors to redeem.

The amount which a judgment creditor is bound to pay to redeem mortgaged premises, after a statute foreclosure, is the sum actually due upon the mortgage, and not the sum bid by the purchaser at the sale under the statute.

Upon the redemption of mortgaged premises by a judgment creditor, after a statute foreclosure, he is not bound to pay the costs of such foreclosure.

Where the purchaser under a statute foreclosure, makes valuable and permanent improvements upon the premises, under the belief that he has a good title, and without notice of the existence of a judgment which is a lien upon the equity of redemption, the judgment creditor applying to redeem must, in addition to the amount due upon the mortgage, pay the enhanced value of the premises arising from such improvements.

As a general rule, a party who is permitted to redeem mortgaged premises, whether he is plaintiff or defendant in the suit, must pay the costs of the suit, in addition to the amount due on the mortgage.

A purchaser, under a statute foreclosure, may file a bill to foreclose the equity of redemption of a judgment creditor or subsequent mortgagee; and he is not bound to make the mortgagor, or any other person whose equity of redemption is already barred, a party to the suit.

In a suit to foreclose the equity of redemption of a judgment creditor after a statute foreclosure, the court may order a sale of the premises, or may decree a strict foreclosure against the creditor if he neglects to redeem.

January 15. PREVIOUS to 1829, B. Reynolds had given two several mortgages upon a lot of land in Plattsburgh, of which land he was the owner in fee. In February, 1829, the defendant Gilman recovered a judgment against Reynolds, in the supreme court. And in May thereafter the defendant Couch recovered a judgment against him in the Clinton common pleas; both of which judgments were liens upon the mortgaged premises at the time of the statute foreclosure hereafter mentioned. J. Palmer afterwards became the owner of the two mortgages, by assignment, and in April, 1830, he proceeded to foreclose the

1833.

Benedict
v.
Gilman.

same, by an advertisement and sale under the statute. Previous to the day of sale, the complainant entered into an agreement with Palmer to become the purchaser of the two mortgages; but without prejudice to the proceedings, in the name of Palmer, to sell the premises under the statute. It was further stipulated, in the agreement, that if the premises were sold and no one should appear at the sale to bid to the amount due on the mortgages, including the costs of foreclosure, Palmer should bid in the property for the benefit of the complainant. The amount due on the mortgages, at the time of the sale in October, 1830, was between eleven and twelve hundred dollars, exclusive of the costs. The premises were sold accordingly, and were bid in by Palmer for the sum of $601, that being the highest sum offered at the sale. Palmer immediately afterwards conveyed all his interest, both in the mortgages and in the mortgaged premises, to the complainant, and received from him the whole amount due on the mortgages, including the costs of the foreclosure. The complainant having ascertained that the foreclosure was not valid as against the judgment creditors, applied to them to release their claim to the equity of redemption; which they declined doing. He also offered to permit them to redeem the premises, upon paying the amount of the mortgages, including the costs of the statute foreclosure. This offer was also refused; but the defendant Gilman claimed the right to redeem the premises upon the payment of the $601, for which the premises were bid in at the sale, together with the interest thereon. And he tendered that sum to the complainant, and demanded a conveyance of his interest in the premises. The complainant thereupon filed his bill in this cause against the judgment creditors of Reynolds to foreclose their equity of redemption. And he prayed for a decree of strict foreclosure against the defendants, unless they should elect to pay the whole amount of the mortgage, the costs of the statute foreclosure, and the expenses of the permanent improvements made by him on the premises, after deducting therefrom the rents and profits received by him after his purchase. The bill was taken as confessed against the defendant Couch. Gil-

1833.

Benedict
v.
Gilman.

man put in an answer admitting the principal facts stated in the bill, but insisting upon his right to redeem upon the payment of the amount bid at the sale, with the interest thereon from that time.

*J. D. Woodward*, for the complainant. The complainant succeeds to the rights of the mortgagee in relation to the defendant Gilman, the judgment creditor. To entitle Gilman to redeem, he must pay not merely the amount of the bid at the mortgage sale, but the amount due on the mortgages, together with the costs of foreclosure and the value of the permanent improvements made by the complainant, deducting the rents and profits. Gilman ought not to have put in an answer and compelled the complainant to bring the cause to a hearing upon bill and answer.

*W. Swetland*, for the defendant Gilman. To entitle Gilman to redeem, he must only pay the amount of the bid. The agreement between the complainant and Palmer was a fraud upon the mortgagor and his creditors, and was contrary to sound policy ; its tendency being to prevent competition at the sale. (3 *John. Cas.* 32, 33. 8 *John. Rep.* 444. 6 *id.* 194. 4 *John. Ch. Rep.* 254.) Under that agreement, the complainant cannot insist upon Gilman's paying the amount due on the mortgages. The balance remaining due on the mortgages, after deducting the amount of the bid, is merely a debt against the mortgagor. And an assignee of an equity of redemption is not bound to pay a bond debt against the mortgagor on a bill to redeem. (*Coleman* v. *Winch*, 1 *P. Wms.* 775.)

THE CHANCELLOR. It was insisted by the defendant's counsel, on the argument, that the agreement between Palmer and the complainant was calculated and intended to prevent competition at the sale, and was therefore a fraud upon the mortgagor and his creditors. As it is admitted that Reynolds was notoriously insolvent at the time of the foreclosure, and that the whole value of the premises did not exceed the

1833.

Benedict
v.
Gilman.

mortgage debts and the costs of foreclosure, I cannot perceive how any one could have been injured by that arrangement. It is sufficient, however, to say that such an agreement is not necessarily fraudulent, and that there is no allegation in the answer, on which to found a suggestion that there was any intentional fraud or unfairness in that transaction. Even if there was an actual fraud intended, as Gilman's rights were precisely the same after as before the statute foreclosure, he has no just ground of complaint as to the manner in which the sale took place.

The defendant Gilman is also under a mistake in supposing he has a right to redeem the mortgage premises upon payment only of the sum for which they were sold, and that he is not bound to pay the whole amount actually due on the bonds and mortgages. Under a statute foreclosure, if there are judgments subsequent to the mortgage, which remain a lien upon the property at the time of the sale under the statute, the purchaser takes the whole legal and equitable interest in the property as against the mortgagor and all persons claiming under him ; subject, however, to the equitable right of the judgment creditors to redeem, in the same manner as if such foreclosure had not taken place. The amount which such judgment creditors are to pay upon the redemption of the premises does not depend upon the sum bid at the sale, but is regulated by the amount actually due at the time of such sale, unless it has been subsequently paid by the person who was equitably bound to pay the same. If the premises were sold for a sum much less than the amount due, and a third person was the owner of the residue of the mortgage debt, there might be some equitable claims to be settled between him and the purchaser under the statutory foreclosure, as to the distribution of the redemption money, in a case where the creditor coming to redeem was entitled to an assignment of the bond and mortgage. No such question, however, can arise here, as the complainant is the assignee of these bonds and mortgages, as well as of the interest acquired under the foreclosure. The judgment creditor coming to redeem is therefore to pay him the amount he would now be entitled to

claim against the mortgaged premises, if he had taken a sim‑ ple assignment of the mortgages, without any foreclosure thereof. That necessarily excludes the claim of the complain‑ ant for the costs of the statutory foreclosure, which was inop‑ erative as against the judgment creditors.

It is charged in the bill in this case, and admitted by the answer, that at the time of the statute foreclosure, the whole value of the premises did not exceed the amount due on the mortgages, and the costs of the proceedings; and that the complainant was ignorant of the existence of these judgments, until after he had made permanent improvements upon the premises to a considerable extent. Under such circumstances, it would be inequitable and unjust to give the defendants the benefit of those improvements, without compelling them to pay an equivalent therefor. The case would have been dif‑ ferent, if the complainant had made the improvements with a full knowledge of the defendant's equitable right to redeem. (*See Moore* v. *Cable,* 1 *John. Ch. Rep.* 385.) As a general rule, the party claiming the right to redeem premises from a mortgage, whether he is complainant or defendant in the suit in this court, must pay the costs of the proceedings here, as well as the amount due upon the mortgage, before he can be permitted to redeem. (*Brockway* v. *Wells,* 1 *Paige's Rep.* 617.) The purchaser under a statute foreclosure may file a bill to foreclose the equity of redemption of a judgment credi‑ tor, or subsequent mortgagee, whose right is not barred by the sale under the power; and it is not necessary to make the original mortgagor, or any other person whose equitable claim is already barred, a party to such bill. In such a suit, the subsequent encumbrancer is entitled to redeem, upon the usual terms, of paying the amount due upon the mortgage and the costs of the suit; unless, as in this case, the com‑ plainant has an equitable claim to a further allowance for im‑ provements, &c. And in such cases, the court may order a release of the premises, under the direction of a master, or may decree a strict foreclosure against the subsequent encumbran‑ cer if he neglects to redeem, as will best promote the ends of justice.

In this case, there must be a strict foreclosure against these defendants, unless they elect to redeem upon the terms hereafter mentioned. Gilman is entitled to redeem, by paying the amount due upon the mortgages, with the interest thereon and the costs of this suit, together with the increased value of the premises arising from the permanent improvents made thereon by the complainant; deducting therefrom the rents and profits of the premises since he took possession thereof under the statutory foreclosure. Couch is also entitled to redeem against Gilman, upon paying the same amount, together with the balance due Gilman on his prior judgment and his costs in this suit. If Gilman does not elect to redeem, as the senior encumbrancer, the other defendant may redeem, upon paying what is due to the complainant, in the same manner as the senior encumbrancer might have done. If either of the defendants shall elect to redeem the premises upon the terms proposed, and shall serve a written notice of such election upon the solicitor for the complainant within thirty days after service upon such defendant or his solicitor of a copy of the decree to be entered on this decision, it must be referred to a master to compute and ascertain the amount due to the complainant upon the principles above stated; and, in that case, all further questions and directions are to be reserved. But if both or either of the defendants shall neglect to give notice of such election, within the time prescribed, there is to be a strict foreclosure against such defendant or defendants; and without costs to either party as against the other.