## PARKER *vs.* CHILD and others.

1. It does not necessarily follow, that by a mortgagee becoming the purchaser of the premises and taking title therefor at the sale under the foreclosure, his mortgage is merged or extinguished in his legal title.

2. A purchaser, (first mortgagee,) at a sale under a foreclosure suit upon his mortgage, to which suit a second mortgagee was, by oversight, not made a party, is entitled to require the second mortgagee to redeem in a reasonable time, or to be foreclosed.

3. Such purchaser, as prior encumbrancer, must be redeemed, not only to the full amount due for principal and interest upon his mortgage, but also to the full amount of the purchase money paid by him over and above such amount, the excess having been appropriated in payment of claims prior to the second mortgage, and the purchaser being thereby subrogated to the rights of the holders of those claims.

4. The purchaser, if redeemed, must accóunt for the rents and profits during his occupation of the premises, and cancel a mortgage given by himself thereon, after he had received his deed.

On final hearing on pleadings and proofs.

*Mr. B. Gummere,* for complainant.

*Mr. J. Harvey Lyons,* for Child.

THE CHANCELLOR.

This is a suit brought to compel Child, who is a second mortgagee, to redeem the mortgaged premises which were sold under foreclosure of the complainant's mortgage. Child was not a party to the proceedings, neither the complainant nor his solicitor being aware of the existence of Child's mortgage, which appears however to have been duly registered when the bill in the foreclosure suit was filed. At the sale under the execution in that suit, the complainant bought the property at the price of $9000, and took a deed from the sheriff accordingly. The execution issued to raise and pay the complainant, principal, $7000, interest, $601.88, and costs, $111.69, besides interest on the first two of those items from the date of the master's report, and to the Freehold National Banking Company, judgment encumbrancers, their debt of $576.28, with interest thereon from the same date. The amount due to the complainant and the bank on execution, including complainant's costs, amounted, with the sheriff's execution fees, to about $8600. All the other encumbrancers, except Child, were made parties to the suit. They were all judgment creditors whose lien was prior to that of the second mortgagee. None of them, except the bank, appeared in the suit, or before the master, and consequently the claims of none of them, except the bank, were reported on. The complainant's mortgage is still uncancelled of record.

The bill seeks to compel the defendant, Child, to redeem

Parker *v.* Child.

the complainant's mortgage and the judgments. Holmes is made defendant by reason of his having held, when the bill was filed, a mortgage given by the complainant to him, on the mortgaged premises, after the complainant received his deed from the sheriff. The defendant, Child, insists that the complainant is not entitled to the relief he seeks, and that by the purchase of the premises and taking title therefor at the sale under the foreclosure, the complainant's mortgage was either merged or extinguished, and that the complainant now holds the title subject to the lien and encumbrance of Child's mortgage. I deem it unnecessary to discuss the question so elaborately argued, as to whether there is any merger or extinguishment in this case. It is clear that under the circumstances it would be held that there is none. *Forbes* v. *Moffatt,* 18 *Ves.* 384, 394; *Mocatta* v. *Murgatroyd,* 1 *P. W.* 393; *Hinchman* v. *Emans' Admr's, Saxton* 100, 110; *Gibson* v. *Crehore,* 3 *Pick.* 475; *Hunt* v. *Hunt,* 11 *Pick.* 374, 384; *Duncan* v. *Smith,* 2 *Vroom* 325, 327; *Mulford* v. *Peterson,* 6 *Vroom* 127, 131; *Clos* v. *Boppe,* 8 *C. E. Green* 270; *Thompson* v. *Chandler,* 7 *Greenl.* 377, 380, 381; *Cooper* v. *Martin,* 1 *Dana* 23; *Benedict* v. *Gilman,* 4 *Paige* 58; *Vanderkemp* v. *Shelton,* 11 *Paige* 28.

The decision of this cause depends on other considerations. The foreclosure was complete and effectual as far as all except Child, the second mortgagee, was concerned. As to him it was a nullity, and left his rights and equities entirely unaffected. By the sale the complainant, as purchaser, acquired the title of all the parties to the suit, and he holds it subject and subject only to the rights and equities of the second mortgagee, who was not a party. Now, what are those rights and equities? They are the right to redeem the encumbrancers prior to the second mortgage, and to an account to that end from the complainant of the rents and profits since the latter has been in possession, and to have the Holmes mortgage cancelled of record by the complainant. Equity will compel the second mortgagee to exercise his right of redemption within a reasonable time, under a penalty of

being foreclosed of his equity. *Benedict* v. *Gilman*, 4 *Paige* 58. In the present case the first mortgagee in foreclosing his mortgage, omitted, not from design, but from the oversight of his solicitor, to make the holder of the second mortgage a party to the suit. Neither the complainant or his solicitor had any knowledge of the existence of the second mortgage till after the sale under the foreclosure had taken place. To this oversight the extreme improbability of there being any additional encumbrance upon the property, which was already encumbered to the amount of $18,000, and which does not appear to have been sacrificed at the price of $9000, doubtless contributed. The complainant, after his purchase, entered into possession, and, as the bill alleges, made certain improvements of the value of about $300 upon the premises. There is no proof, however, on the latter point. He has paid off by means of the money he paid for the property at the sheriff's sale, the amount of one of the encumbrances, (the judgment of the bank,) subsequent to his, and prior to the second mortgage. There was a surplus of about $400, which by the execution was ordered into court. It does not appear whether it was ever paid over to any one, or not. It would have been paid to the senior judgment creditor on due application. It is equitable that under the circumstances the second mortgagee should be required to redeem in a reasonable time, or be foreclosed. I will therefore put him to such alternative. He must redeem the complainant as prior encumbrancer, not only to the full amount due for principal and interest on his mortgage, but also the amount due on the judgment of the bank, to whose rights in respect thereto the complainant is entitled to be subrogated, and also any amount which may have been paid out of the purchase money paid by him to the sheriff upon any encumbrance prior to the second mortgage, to the rights of the holder of which encumbrance he will be subrogated *pro tanto.*

The complainant must account for the rents and profits during his occupation of the premises, and cancel the Holmes mortgage of record. If the second mortgagee shall elect to

redeem upon these terms, and shall serve a written notice to that effect on the complainant's solicitor within thirty days after service upon him of a copy of the decree to be entered on this decision, it will be referred to a master to ascertain and report the amount due the complainant on the principle above stated, and in that case all further questions and directions will be reserved. But if he fails or neglects to give such notice of such election, within the period above prescribed, there will be a decree of strict foreclosure against him.

In either event, neither party will be required to pay costs to the other.