# GEORGE ROSS, APPELLANT, *v.* LUCY M. BOARDMAN, RESPONDENT.

*Action for a strict foreclosure—when it may be maintained—when an accounting of the rents and profits received by the mortgagee should be ordered.*

The plaintiff's grantor purchased, in 1863, certain premises, at a sale under a decree in an action brought to foreclose two mortgages thereon, given by the defendant and her husband upon property belonging to the husband, to which action the defendant had not been made a party. The amount realized upon the sale was more than sufficient to pay the amount due upon the two mortgages, together with the expenses of the proceedings. The

holder of a third mortgage, given by the defendant and her husband, was made a party to the action.

In this action, brought by the plaintiff for a strict foreclosure of the two mortgages as against the defendant, *Held*, that the purchaser at the sale, and the plaintiff as his grantee, acquired the interest of the husband in the premises released from the lien of the third mortgage, and also so much of the two mortgages as remained unforeclosed.

That the premises were incumbered by the defendant's contingent dower interest therein, which interest, however, was subject to the two mortgages, which in respect thereto were unforeclosed and were held by the plaintiff.

That as the purchaser, and the plaintiff, as his grantee, had been for years in the possession and enjoyment of the property and the receipt of its rents and profits, an accounting should be had to determine the amount which the defendant should be required to pay to redeem and protect her interest in the premises.

That the judgment should provide that upon her failure to pay the same within the time therein prescribed, all her interest in the property should be extinguished.

That the question as to whether costs should be awarded for or against the plaintiff, should be reserved until the coming in of the referee's report.

APPEAL from an interlocutory judgment directing an accounting entered herein, and from an order denying a motion for a new trial, made pursuant to section 1001 of the Code of Civil Procedure.

The action was brought to procure the strict foreclosure of two mortgages executed by the defendant and her husband to one James Meinell. The mortgages were foreclosed, and a sale had in 1863, but the defendant had not been made a party thereto.

The court held that the foreclosure proceedings, so far as respects the defendant, Lucy M. Boardman, were altogether void and a nullity, and ordered an interlocutory judgment to be entered in her favor against the plaintiff, declaring that the relief demanded in the said complaint be denied, with costs of this action to be paid by the plaintiff to the defendant, and directing a reference to take evidence as to the rents and profits of the said mortgaged premises, and to state an account to the court, to the end that a final judgment might be made enabling the defendant (by virtue of her inchoate right of dower) to redeem the mortgaged premises from the lien and effect of the said mortgages, upon such terms and conditions as might hereafter be determined by this court to be just and equitable in the premises.

*Richard O'Gorman*, for the appellant.

*Albert Matthews*, for the respondent.

DANIELS, J.:

The mortgages were executed by the defendant and her husband, upon property owned by him, to secure, together, the sum of $15,000. One was given on or about June 27, 1860, and the other on January 29, 1862. After they became due, the mortgagee and holder of both mortgages commenced an action for their foreclosure.

This action proceeded to judgment, under which a sale was made of the mortgaged property to a person named Powell. He continued to own the property from the time of this purchase in 1863 until 1869, when he conveyed it to the plaintiff in this action.

The defendant in this suit was not made a party to that action, and for that reason it has been brought to obtain a strict foreclosure of her interest. At the sale made under the judgment the property brought the sum of $17,775, which was more than was required to pay the amount due upon the two mortgages, together with the expenses of the proceedings. The effect of the omission to make the defendant a party to the first foreclosure suit, was to leave her contingent right of dower still a substantial incumbrance upon the property. It was a subsisting and valuable interest, which could only be discharged or extinguished by a release of it under the statute, or a proper judgment, and no such judgment could have been or was recovered in the foreclosure suit, as she was not made a party to it. The effect of the omission was to leave her interest in the property substantially the same as though no action had been prosecuted for the foreclosure of the mortgages. This was held to be the law applicable to such a state of facts in *Smith* v. *Gardner* (42 Barb., 356), *Peabody* v. *Roberts* (47 Id., 92), *Mills* v. *Van Voorhies* (20 N. Y., 412), *Simar* v. *Canaday* (53 Id., 298–303), where in general terms it was held, that a wife who executes a mortgage jointly with her husband is nevertheless entitled to dower in the equity of redemption of which her husband is seized, notwithstanding the mortgage, which right is not affected in equity unless she is made a party to the foreclosure. If omitted, she can

at any time redeem, notwithstanding a decree and sale in the foreclosure suit. It is for the purpose of extinguishing this right of the defendant in the property that the present action, for a strict foreclosure of the mortgages in favor of the plaintiff, has been instituted, and the fact that a larger amount was realized upon the sale of the property than was necessary to pay what was then due upon the mortgages, will not prevent him from maintaining the action. For, by the terms of the statute declaring the effect of a foreclosure by action, the deed given upon the sale was attended with the effect of a conveyance executed by both the mortgagor and mortgagee of the property. (3 R. S., 5 ed., 273, § 88.) The result of this provision was to render the deed, given to the purchaser at the sale, a conveyance of the interest of the husband in the property released from a third mortgage given by the same parties, and also to transfer so much of the two mortgages, as remained unforeclosed by the judgment under which the sale was made, to the purchaser at that sale.

Substantially he acquired the title to the property, incumbered by this contingent dower interest, and an assignment of the mortgages so far as they remained unforeclosed, upon this outstanding interest. That such was the effect of the judgment and sale was substantially what was held in *Robinson* v. *Ryan* (25 N. Y., 320). It is true, that was a foreclosure by advertisement; but, under the terms of the statute already referred to there seems to be no good reason on which this case, in that respect, can be distinguished from that one. When the purchaser at the foreclosure sale afterwards conveyed the property to the plaintiff in this case, he by that conveyance transferred to him his title, together with this interest in the unextinguished mortgages, and for that reason he had such a title to the incumbrances as entitled him to maintain an action for their strict foreclosure, and he was not precluded from doing so, because the amount realized from the sale under the judgment, exceeded that which was due upon the mortgages. For that amount was paid not only for the title itself, but in part also it formed a consideration for the transfer of these two mortgages so far as they had not been at that time foreclosed. Under such circumstances the settled rule seems to be that the purchaser,

or his subsequent grantee, may maintain an action of this description, for the purpose of completing his title by securing a strict foreclosure of the incumbrances, or their redemption by the person whose interest still subsists in the property. (*Benedict* v. *Gilman*, 4 Paige, 58.) This subject was considered in *Bolles* v. *Duff* (43 N. Y., 469, 474). In that case it was stated that strict foreclosures are now rarely pursued or allowed in this State, except in cases where a foreclosure has once been had and the premises sold, but some judgment-creditor, or persons similarly situated, not having been made a party, has a right to redeem. As to him a strict foreclosure is proper. The facts shown by the plaintiff upon the trial of this action brought it plainly within this principle, and for that reason the relief demanded by him should not have been denied, but judgment should have been directed to that extent in his favor, and the effect of that would have been that the defendant's interest in the property would be extinguished at the expiration of the time designated for the purpose of enabling her to redeem, unless the amount required for the protection of her interest should be paid. What that amount might be, did not, and could not, appear in the case, for the reason that the purchaser at the foreclosure sale, and the plaintiff as his grantee, had been for years in the possession and enjoyment of the property and the receipt of its rents and profits. For those they were both legally and equitably liable to account, and the amount received from that source and applicable for that purpose, should be first deducted from the mortgage debts. The practice upon this subject was indicated in the case of *Benedict* v. *Gilman*, already cited, and the principles upon which the accounting should be had, were then substantially settled. The same subject was considered in the same manner in *Hubbell* v. *Moulson* (53 N. Y., 225, 228, 229), and the reference ordered in this case appears to have been properly adapted to that end. The defendant could redeem her interest by paying to the plaintiff whatever should prove to be the proportionate part of the mortgage debts which her interest ought to contribute, but the amount required for that purpose can in no way be ascertained, without such an accounting as was directed in this case The judgment, so far as it provided for a hearing of that nature, was in

conformity with these authorities, and it should for that reason be sustained. As judgment should not have been denied to the plaintiff, but a strict foreclosure in his favor should have been directed, he could not properly be charged with the costs of the action. Who may be entitled to costs in the case, whether the plaintiff, or the defendant, or neither, can only be equitably ascertained when the result of the accounting shall become known and final judgment be directed in the action. In this respect, therefore, the judgment should also be modified and costs should be reserved until the final determination of the action. With these two modifications the direction given in the case appears to have been proper. It has been claimed, on the part of the plaintiff, that proof of the third mortgage should have been received upon the trial, but that mortgage formed no part of the foreclosure proceedings in the first action, and certainly no interest in it was transferred to the purchaser under the judgment, or to the plaintiff in this case. It was extinguished as a lien on the property, because the holder was made a party to the first action, but as it formed no part of the title or interest which was sold, the plaintiff acquired no right to rely upon it as a basis of his right to relief in this case. So far as it may not have been fully paid, the holder of it may still be entitled to foreclose it against the defendant's contingent interest in this property. If its existence and the balance still remaining unpaid on it shall have any pertinency to the inquiry, or the investigation, required to be made by the referee, proof of these facts will undoubtedly be received; but the circumstance that they were rejected upon the trial, and the complaint was not allowed to be amended, so as to include a statement of them, can have nothing to do with the disposition which should be made of this case at the present time. The judgment should so far be modified, as to direct a strict foreclosure of the mortgages against the defendant, unless she shall redeem her contingent interest in the property, by paying the amount which may be found necessary for that purpose on the confirmation of the referee's report, and within such a period of time as may then be designated by the court; and so much of the judgment as provides for the recovery

of costs against the plaintiff should be reversed, and as so modified the judgment already in the case should be affirmed.

BRADY, P. J., and BARRETT, J., concurred.

Judgment modified as directed in opinion by DANIELS, J.