Peabody *v.* Roberts.

PEABODY *vs.* ROBERTS and others.

47 91
61h 444
47 91
138a 143
47b 91
173 NY⁸346

The priority of a mortgage, first executed, will be presumptively lost by the omission to record it until after a second mortgage has been recorded.

And that presumption must prevail against the first mortgage, unless it can be overcome by evidence, in the manner sanctioned by law.

If no such evidence be given, the prior mortgage will be deemed to be, in fact, as it is in law, a second mortgage, though given before that which has acquired priority over it.

But as such, the mortgagee possesses the right to maintain an action upon the first mortgage, for the foreclosure of so much of the equity of redemption as remained in the mortgagor at the time when it was recorded, and for a satisfaction of the debt secured by it, by a sale of the mortgaged premises, not-

Peabody *v.* Roberts.

withstanding there has been a foreclosure of the second mortgage, and a sale under it.

It is generally, if not universally, true as a legal proposition, that no person can be affected or prejudiced by legal proceedings against property in which he has an interest, unless he, or those under whom he derives his title, were made parties to such proceedings.

There can be no reason for depriving a junior mortgagee of his right to foreclose his mortgage, and sell the mortgaged premises, merely because they have been previously sold, under a foreclosure of the senior mortgage, without making him a party.

The right of a junior incumbrancer to extinguish the lien of a senior incumbrance, it is well settled, continues until that incumbrance has been foreclosed. Then the lien becomes a title.

But a foreclosure as to other parties is not sufficient to divest the right of an incumbrancer not joined in the action. For as to him, there can be no foreclosure, under such circumstances. He must have his day in court before his right in the mortgaged premises can be divested, or even seriously impaired.

As to such a party, his interests are not foreclosed by a proceeding carried on only against others. And for that reason, when he comes in to redeem, he is not required, as a condition of doing so, to pay the costs of the ineffectual foreclosure.

Whether an action to redeem can be brought after the expiration of ten years from the time the mortgage debt became due, or the last payment was made upon it? *Quære.*

THIS action was brought to foreclose a mortgage given by Jared D. Howe to the plaintiff, on the 14th day of October, 1836, to secure the payment of $440 and interest annually, according to the condition of a bond at the same time executed by Howe and delivered to the plaintiff. By the condition of the bond, the principal sum secured became due and payable on the 1st of January, 1838. The premises described in the mortgage were situate in Genesee county, and the mortgage was duly recorded in the office of the clerk of that county, on the 16th of June, 1837. This action was commenced on the 9th of November, 1855. The defendants, together with other defenses, set up the statute of limitations as a bar, claiming that the action should have been brought within ten years after the mortgage debt became due.

It was alleged in the complaint, and proved upon the

trial, that the mortgagor, on the 6th of December, 1836, executed and delivered to Elijah Turner another mortgage upon the same premises, to secure the sum of $1244, besides interest. And that mortgage was recorded in the clerk's office of Genesee county on the 12th day of January, 1837. That mortgage was foreclosed by proceedings in the late court of Court of Chancery, and the premises decribed in it sold under a decree of that court, to the mortgagee, in 1839 and 1842. The plaintiff in this suit was not made a party to the action for the foreclosure of that mortgage. The defendants derived their title to the premises under Turner, who purchased them at the mortgage sale.

The defendants, George and Horace Roberts, by their answer claimed to be the owners in fee of the premises, and to have made valuable improvements upon them, without notice of the plaintiff's mortgage.

The action was tried first before a referee, who treated it as a suit to redeem, and reported in favor of the plaintiff, allowing him to redeem the premises upon the payment of the amount unpaid upon the mortgage to Turner, the value of the improvements made by the defendants, and the costs of the foreclosure suit. Upon an appeal to the general term, from the judgment entered on the referee's report, the judgment was reversed and a new trial ordered, on account of the referee holding that the plaintiff was bound to pay the costs of the foreclosure suit on the Turner mortgage. The action was next tried at a special term of this court, held in Genesee county, by one of the justices of this court. The court found the facts stated above, and also that the plaintiff, in 1854 and 1855, offered to redeem the mortgaged premises, and for that purpose tendered the defendants the sum of $2400 in gold, which offers were declined by the defendants. The court decided that the plaintiff was not entitled to a judgment of foreclosure of his mortgage, and a sale of the mortgaged premises, as prayed for in the complaint; and was not entitled to redeem the mortgaged premises, because

this action was not commenced within ten years next after the cause of action accrued. From the judgment entered upon this decision the plaintiff appealed to this court, which reversed the judgment, and ordered a new trial. The cause, on motion of the defendants, was reargued, on account of a supposed conflict in one respect between the first and second decisions of the general term.

*John Dorr,* for the appellant.

*Wakeman & Bryan,* for the respondents.

DANIELS, J. Although the mortgage in suit was in fact the first incumbrance on the premises in question, at the time when the mortgage under which the defendants derive their title was executed, that priority was presumptively lost by the omission to record it until after the second mortgage had been recorded. (*Freeman* v. *Schroeder,* 43 *Barb.* 618.) And that presumption must prevail against the plaintiff's mortgage, unless it can be overcome by evidence, in the manner sanctioned by law. (*Butler* v. *Viele,* 44 *Barb.* 166.) And as no such evidence has been given in this case, his mortgage must be deemed to be, as it is in law, a second mortgage, though given before that which has acquired priority over it. But as such the mortgagee possessed the right to maintain an action upon it for the foreclosure of so much of the equity of redemption as remained in the mortgagor at the time when it was recorded, and for a satisfaction of the debt secured by it, by a sale of the mortgaged premises. This right has, from the time of the civil law, been secured to the mortgagee as an incident to, and growing out of, the mortgage itself. (2 *Story's Eq. Jur.* § 1024.) And it has been so generally assumed, and commonly sanctioned, as scarcely to have been drawn in question in courts of justice in this state. Hence it is laid down as an elementary principle, that a subsequent mortgagee may elect either to

foreclose, or bring an action to redeem the prior mortgage. (1 *Hilliard on Mortgages*, 3*d ed.* 332.) In the case of *Cronin* v. *Hazeltine*, (3 *Allen*, 324,) where the first mortgagee, under the laws of Massachusetts, had entered into possession of the mortgaged premises in the presence of witnesses, for the purpose of foreclosing his mortgage, it was held that the second mortgagee might still maintain an action for the foreclosure of his mortgage, and be placed temporarily in possession to render the foreclosure effectual. And in *Norton* v. *Warner*, (3 *Edw. Ch.* 106,) it was held that there is no objection to a second mortgagee's filing a bill for a foreclosure and sale to pay off all the incumbrances according to their respective priorities, or to redeem as respects prior mortgages, and then to sell in order to repay the redemption money, as well as to satisfy the subsequent incumbrances; and in such cases the practice formerly was to make all incumbrancers, whether prior or subsequent, parties. (2 *Barb. Ch. Pr.* 174.) It is very important for the promotion of the interests of junior mortgagees that this right should be carefully maintained; for where they do not possess the pecuniary ability of redeeming the senior mortgage, it is the only means afforded them through which the security can be applied to the payment of the debt it secures. This right is so important, in these cases, that the holder of the mortgage can not be deprived of it, without, at the same time, very sensibly impairing and depreciating the security created by the mortgage. And as such it is an essential attribute of property, which positive legislation, even, can not destroy without impairing the obligation of the contract out of which it arises. (*McCracken* v. *Hayward*, 15 *Curtis*, 228; 2 *How.* 609. *Gantley* v. *Ewing*, 15 *Curtis*, 608; 3 *How.* 708.) The general correctness of this doctrine is not denied in this case. But it is insisted that by a foreclosure and sale under the senior mortgage, this right may be lawfully extinguished without even making the junior mortgagee a party. How this result can be produced, consistently with the well

Peabody *v.* Roberts.

settled rules of law, and the established and acknowledged principles of justice, it is difficult, if not altogether impossible, to conceive. For it is generally, if not universally, true as a legal proposition that no person can be affected or prejudiced by legal proceedings against property in which he has an interest, unless he, or those under whom he derives his title, were made parties to them. Whatever exceptions may be found to this general principle, it is believed they owe their existence to peculiar statutory provisions, none of which, however, apply to the present controversy. This principle is so thoroughly grounded in the early sources of constitutional law as now to have become one of its fundamental elements. And accordingly, the constitutions of the state and nation alike declare, that no person shall be deprived of his property without due process of law, which, according to the well settled legal definition of these terms, means, an action or legal proceeding against him, and not one against the party from whom he may have derived such property, after his rights have become vested. (*Campbell* v. *Hall*, 16 *N. Y. Rep.* 575.) Upon general principles, therefore, there can be no reason for depriving the junior mortgagee of his right to foreclose his mortgage, and sell the mortgaged premises, merely because they have been previously sold under a foreclosure of the senior mortgage without making him a party. And there is nothing whatever in the instrument creating the security, which should produce that result. Particularly as a mortgage, in this state, is well settled to be only a lien upon, and not a title to, the land. Under the construction which the English courts have given to mortgages, the rule of course must be different. For in those courts a mortgage is held to create an estate in the land which, after default in payment, can only be divested by a redemption in equity or a voluntary reconveyance from the mortgagee. (*Harring* v. *Smythe*, 2 *Barb. Ch.* 119. On that account the only remedy which the mortgagor or subsequent incumbrancers have after the day of payment has passed, is

Peabody *v.* Roberts.

that of a redemption in equity. And that remedy can be resorted to with the like effect after, as before, a foreclosure of the senior incumbrance, if the person resorting to it was not a party to the foreclosure. But whether before or after, his remedy is confined to a bill to redeem, so far as the previous incumbrance is concerned. On account of the difference in the legal effect of a mortgage, the rule of the English courts confining the remedy of the subsequent incumbrancer to a redemption in equity merely, is not entitled to be regarded as controling authority by the courts of this state. The reason on which that rule depends has no existence under our law of mortgages. Here all mortgages, whether prior or subsequent, are liens only until they are foreclosed. And the estate, which by the force of the mortgage, in England, is conveyed to the mortgagee, with us remains in the mortgagor. There he has an equity of redemption only, but here the legal title. Hence both he and those claiming under him by reason of subsequent incumbrances, may, even after default in payment, tender the debt secured to the senior mortgagee, and if he refuses to receive it, his lien upon the premises affected by his mortgage becomes extinguished. And in that case, if the mortgagee has acquired possession of the mortgaged premises, the mortgagor may recover them from him by an action in a court of law. The interposition of equity can thus be altogether dispensed with.

This right of extinguishing the lien of the senior incumbrance, it is well settled, continues until that incumbrance has been foreclosed. (*Kortright* v. *Cady*, 21 *N. Y. Rep.* 343.) Then the lien becomes a title. But a foreclosure as to other parties can not be sufficient to divest the right of an incumbrancer not joined in the action ; for as to him there can be no foreclosure under such a state of the case. He must have his day in court, under the principles already alluded to, before his rights in the mortgaged premises, imperfect as they may be, can be divested, or even seriously impaired. As to such a party, all the cases agree that his interests are

not foreclosed by a proceeding carried on only against others. And for that reason, when he comes in to redeem, he is not required, as a condition of doing so, to pay the costs of the ineffectual foreclosure. The language used in these cases, as descriptive of the effect of such a foreclosure on the incumbrancer not made a party, can hardly be exceeded in strength and clearness. They all agree that he can not be affected by it. (*Brainard* v. *Cooper*, 6 *Seld.* 356. *Gage* v. *Brewster*, 31 *N. Y. Rep.* 218, *and authorities there cited.*) Which can not be legally true, if he is to be deprived of the right to foreclose, by means of it. To deprive him of that right by such a foreclosure, would not only be to affect him by it, but it would most seriously prejudice and impair the value and efficiency of his security ; which would violate the well established principles upon which justice has always been administered. If the mortgagor had voluntarily conveyed his equity of redemption to the first mortgagee, it would hardly be claimed that the change produced in that manner in the interests of the mortgagee, would prevent the holder of the junior mortgage from foreclosing. There could be no more objection to his maintaining an action for the foreclosure of his mortgage and a sale of the mortgaged premises then, than there could be when the interests thus joined were separately held and owned by the mortgagor and mortgagee. The circumstance of uniting their interests in the same person, could manifestly produce no greater effect upon the security of the junior mortgagee than the same interests would when owned separately by two or more persons. And yet, under the statute declaring the effect of a foreclosure and sale, no different estate is created in the purchaser at the mortgage sale, than he would have had by a conveyance of the interests of the mortgagor and mortgagee in the land. (2 *R. S.* 119, § 164.)

But this view of the effect of the foreclosure and sale under the senior mortgage, when the junior mortgagee was not made a party, does not depend alone upon these general

Peabody *v.* Roberts.

principles. It is sanctioned by the adjudication of the Court of Chancery in the case of *Vanderkemp* v. *Shelton,* (11 *Paige,* 28.) In that case the bill was filed to foreclose a junior mortgage, after a foreclosure and sale under the senior mortgage without making the junior mortgagee a party ; and the chancellor held the proceeding to be proper, and decreed a sale of the mortgaged premises. The chancellor, in the course of his opinion, said that the appellants in that case were entitled "to have the proper decree made, without further delay, to ascertain the rights of the several parties, in order that the mortgaged premises may be sold and the proceeds applied accordingly. The complainant's bill is properly framed for that purpose ; as this is a bill for a foreclosure and sale of the equity of redemption in the mortgaged premises, to satisfy the several incumbrances thereon, according to their respective priorities, and is not a mere bill to redeem. In England, the court does not decree a sale of mortgaged premises, but merely allows the second incumbrancer to file a bill to redeem from the first incumbrancer, and that the junior incumbrancers may redeem both of the prior ones or be foreclosed ; and the complainant there is in all cases required to offer to redeem the first incumbrance. But here, when the puisne creditor has the right to a sale of the estate to satisfy his debt, after applying so much of the proceeds of the sale as may be necessary to pay the debt and costs of the prior incumbrancer, he is not required to offer to pay the first incumbrance." When this case was decided, it does not seem to have been even supposed by the chancellor that there was the least conflict between it and the earlier decisions of his court upon this subject ; and such, on further examination, will be found to be the case. In such an action, no greater difficulty will be found in providing for the payment, out of the proceeds of the sale, of any prior equitable claims for permanent improvements made in good faith, upon the premises, than would be found in a mere action to redeem. The court having entire control of the

parties and the subject of the litigation, has full power to settle, determine and provide for all the equities arising in the action. And that course was taken in the case of *Wetmore* v. *Roberts*, (10 *How. Pr. R.* 51.) The action in that case was commenced to foreclose a junior mortgage, after a foreclosure and sale under a, senior mortgage, by advertisement. The purchaser under the first foreclosure had made valuable improvements upon the property, under such circumstances as induced him to believe himself the owner ;. and payment for them was directed to be made out of the proceeds of the sale, before any portion of such proceeds was to be applied on the mortgage in suit. In that case, Justice Hand, in the course of his opinion, remarked that the better opinion seems to be, that after a foreclosure of the senior mortgage without making the junior mortgagee a party, he has only an equity of redemption—a mere lien. But he nevertheless decreed the plaintiff the same relief that he was entitled to in a mere action for a foreclosure and sale. Several authorities are cited for this dictum, in this case ; but none of them tend to sustain that conclusion, unless it may be *Post* v. *Arnot*, (2 *Denio*, 344.) The others are cases where no question of this nature was presented or involved. They were cases where the right to redeem—not the right to foreclose—was presented for decision. (*See Benedict* v. *Gilman*, 4 *Paige*, 58 ; *Vroom* v. *Ditmas, Id.* 526.) In the case of *Post* v. *Arnot*, the premises in question had been sold under a foreclosure, by advertisement, and a judgment creditor, not a party to the foreclosure, having a lien intermediate the mortgage and the sale under it, afterwards sued out execution and sold them under the judgment. After receiving a conveyance from the sheriff, he tendered the amount due on the preceding mortgage to the purchaser under the foreclosure, and then brought ejectment to recover possession. The Supreme Court, Justice Bronson delivering the opinion, held that the action could be maintained. (*See* 6 *Hill*, 65.) But this decision was reversed by the Court of Errors, upon a very

Peabody *v.* Roberts.

close vote.   Several opinions were delivered in favor of reversal; some upon the ground that a tender after default would not defeat the lien under the mortgage, and others on the ground that the creditor's only remedy was a bill to redeem in equity.   It was held by Senator Porter, who delivered the leading opinion, that the creditor could not sell under his judgment and acquire a title in that way; because the statute declared that the foreclosure should have the effect of being an entire bar of all claim or equity of redemption of the mortgagor, his heirs and representatives, and of all persons claiming under him or them, by virtue of any title subsequent to such mortgage.   (2 *R. S.* 451, § 8.)   And therefore, while the statute preserved the rights of a mere incumbrancer, it did not permit him to make use of his incumbrance in such a manner as to acquire a title to the premises.   Because, in so doing, he would derive title under the mortgagor subsequent to the mortgage, which the statute prohibited. (*See* 2 *Denio*, 353.)   Which of these views prevailed in the court does not appear from any thing contained in the report of the case; and as the statute under which that controversy arose has no application to the case in hand, and the question here considered was not involved there, it can hardly be an authority for limiting the plaintiff in this case to a mere remedy by redemption.   That case has been considerably criticised by the judges of the Court of Appeals; and so far as it might be regarded as an authority for the position that a tender of the mortgage debt after default, will not extinguish the lien, it has been substantially overruled in *Kortright* v. *Cady,* (*supra.*)   In the course of his opinion in that case, Judge Comstock remarked that "It is a perfectly just commentary upon the case of *Post* v. *Arnot,* to say that it settled no legal proposition whatever." (21 *N. Y. Rep.* 362.)   But no disposition has been manifested, at any time, until the present case arose, to question or doubt the correctness of the chancellor's decision in the case of *Vanderkemp* v. *Shelton;* and

then it was only incidentally assailed, by the remark that the plaintiff's rights rested wholly in equity, and that a court of equity would only permit him to maintain an action for the redemption of the premises in controversy. This was assumed, rather than decided, because the question was not really in the case; for the judgment was set aside on account of the referee having decided that the plaintiff was bound to pay the costs of the foreclosure and sale under the senior mortgage. But so far as this doctrine was sanctioned in this case, it was done upon the authority of *Wetmore* v. *Roberts,* (*supra,*) which has been already considered, and *Mickles* v. *Dillaye,* (17 *N. Y. Rep.* 80,) which did not involve nor present any consideration of that point.

There seems to be no impropriety, therefore, under the authorities, in concluding the plaintiff may maintain the present action as one for the foreclosure of his mortgage, notwithstanding the foreclosure and sale previously had under the senior incumbrance. This conclusion is of very great practical importance in cases like the one now before the court, because it is, to say the least, exceedingly doubtful whether the action to redeem can be brought after the expiration of ten years from the time the mortgage debt became due, or the last payment was made upon it. (4 *Kent, 7th ed.* 198 *to* 201.) The conviction is there expressed, that an action to redeem can not be commenced after the expiration of ten years from the time the right accrued. And this conviction is very strongly countenanced, if not conclusively supported, by the statute of limitations. For while it provides that actions may be brought on causes of action over which courts of law and equity have concurrent jurisdiction, within the same time in courts of equity that they may at law, it is also declared that the section so providing shall not extend to suits over the subject matter of which a court of equity has peculiar and exclusive jurisdiction, and which subject matter is not cognizable in the courts of common law. (2 *R. S.*

Peabody *v.* Roberts.

228, 229, §§ 49, 50.) It is difficult to see how actions of this description can be excluded from this important qualification of the general provision ; for although the cause of action itself, which is the debt created by the bond, may be within the concurrent jurisdiction of courts of law and equity, yet the suit to redeem presents a case where the subject matter is within the peculiar and exclusive jurisdiction of equity. The object of such an action, when brought by an incumbrancer, is the acquisition of the rights of the prior incumbrancer, and not the collection of the debt, as it is in an action on the bond, or to foreclose the mortgage and sell the premises included in it. And that is the relief recovered by him when the action to redeem is successfully maintained. (2 *Barb. Chan. Pr.* 199.) Actions of that character have never been cognizable in courts of law. In that respect they are similar to actions for the specific performance of contracts, which must be brought in equity, and for that reason must be commenced within ten years after the right accrues. (*Bruce* v. *Tilson*, 25 *N. Y. Rep.* 194.) But the action to foreclose is an action to collect the debt mentioned in the bond ; as much so as an action at law upon the bond alone would be ; and by the express provisions of the statute, may be commenced within twenty years, for until that period the statutory presumption of payment does not arise. (2 *R. S.* 228, § 48.) And the cause of action is one over which courts of law and equity have concurrent jurisdiction. If the action to redeem, in a case like the present one, is the only action which the incumbrancer can maintain, and that must be commenced within ten years after the right has accrued, the legal anomaly, after that, will be presented, of a party having a demand presumed by law to be unpaid, without any legal or equitable means of applying towards its payment the security created expressly for that purpose. The production of such a result can not justly be attributed to the intention of the legislature in the enactment of this statute. And that

must be the consequence of depriving the junior mortgagee of his right of foreclosure, by a proceeding to which he was not a party.

The judgment should be set aside and a new trial granted.

GROVER, P. J. concurred in the result.

DAVIS, J. dissented.

MARVIN, J. expressed no opinion.

New trial granted.

[ERIE GENERAL TERM, September 3, 1866. *Grover, Daniels, Davis* and *Marvin,* Justices.]