JOSEPH F. FARRELL, by his next friend, etc., *et al.*

*v.*

ALLEN PARLIER.

1. FORECLOSURE OF MORTGAGE—*rights of, parties to redeem.* The grantee of a mortgagor who was made party to a bill for foreclosure, and had notice of the decree, although not mentioned therein, has the same right to redeem that his grantor has, who is named in the decree. Not less than ninety days should be allowed for redemption, and a longer time when the sum is a large one.

2. STRICT FORECLOSURE—*when allowed.* It is only in rare cases, where the mortgaged property is of less value than the debt, and the mortgagor is insolvent, and the mortgagee is willing to take the property and discharge his debt, that a strict foreclosure may be allowed. It is not proper where there are other incumbrances on the property, or creditors, or purchasers of the equity of redemption.

3. SALE WITHOUT REDEMPTION—*decree of erroneous* The 24th section of our Judgment and Execution Law, prohibits the sale of mortgaged lands, under a decree of foreclosure, without redemption; a decree ordering such sale is, therefore, erroneous.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts sufficiently appear in the opinion.

Mr. J. M. DURHAM, for the plaintiff in error.

Mr. HENRY CLAY, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Defendant in error entered his appearance and confessed the first, second and third errors. The first is, that the decree is erroneous; the second, that the court erred in rendering a decree of strict foreclosure without giving more than thirty days for redemption; and third, it was error to render a decree of strict foreclosure without allegation or proof of the insolvency of the mortgagor. These being confessed, the decree must be reversed, and as the cause will be remanded, it is proper that we should consider the remaining errors.

The fourth assignment of errors, questions the decree for not allowing John Farrell, the grantee of the mortgagor, to redeem. The decree directs Joseph Farrell to pay the money due and found by the decree, within twenty days. This of course gave John Farrell the same opportunity of redeeming, as he was a party defendant, and had notice of the decree. But even if the facts of the case authorized a strict foreclosure, which it is confessed it did not, still the time for redemption is believed to be unprecedentedly short. Under the English practice six months was given, and if the debt was large, it frequently occurred that the court would extend the time for another six months. And this court has repeatedly held that in case of an irredeemable sale of real estate not less than ninety days should be given, and when the sum is large, a longer period. In our State, and in view of our statute, it is only in strong cases, which form exceptions, that there should be decreed strict foreclosure, or a sale without redemption. It may be, in rare cases, when it appears the property is of less value than the debt for which it was mortgaged, and the

mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt, that a strict foreclosure may be allowed. But it is not, as a general rule, proper, when there are other incumbrances upon the property, or creditors, or purchasers of the equity of redemption. The statute allowing redemption in such cases intends to make the property pay as much of the mortgagor's debts as it is worth.

This was, however, not a decree of strict foreclosure, as it did not decree the payment of the money by a day named, or in default thereof, that the conveyance by way of mortgage should become absolute, and the equity of redemption be foreclosed and barred. On the contrary, it was a decree for a sale of the property, without redemption. By a reference to the 24th section of the judgment and execution law, it will be seen that in all cases of the sale of mortgaged lands under a decree in equity, the same right of redemption is given as in cases of the sale of lands under an execution at law. This section was intended to, and does, prohibit sales of mortgaged lands, under a decree of foreclosure, without redemption. It then follows, that the decree was erroneous in ordering a sale without redemption.

The fifth assignment of error questions the correctness of the decree in reforming the deed or mortgage. John Farrell answered that he had purchased the Coanhill farm of Joseph Farrell, for a valuable consideration, and that he knew of no mistake in the deed before he purchased. This brief answer is unintelligible. It nowhere states that the Coanhill farm is the same in controversy, nor does it say to what deed he had reference, in answering that he had no knowledge of a mistake. We cannot see that the chancellor could regard this answer for any purpose, unless as the entry of his appearance to the suit. Nor is there any evidence on the part of the defendants from which it can be seen that the answer was intended to refer to the property in controversy.

If the mistake can be regarded as material, or rather, if there was a mistake made in the mortgage, we find no

evidence that any mistake was made. Bassett testified, before the master, that he had examined the records and found that Joseph Farrell owned the land at the time he executed the mortgage described in the decree, but he, or any other witness, does not say that any mistake was made. He does not pretend to know what lands Joseph Farrell intended to embrace in the deed. But we do not see that any mistake was made. The description of the tract first named, seems to be as clear and unmistakable as it has been made by the decree. And there is, as to the other tract, no material difference between describing it as an undivided forty-five acres of the eighty, and nine-sixteenths of the same eighty acres. Nine-sixteenths is forty-five acres, and it is undivided. If any material difference exists between the two descriptions, we are unable to appreciate it.

The decree of the court below must be reversed, and the cause remanded.

*Decree reversed.*