## GEORGE MILLER ET AL.
### v.
## HENRY DAVIS.

STRICT FORECLOSURE.—In this state strict foreclosures are not favored, and it is only in cases where it appears the property is of less value than the debt for which it was mortgaged and the mortgagor is insolvent, and the mortgagee is willing to take the property in full satisfaction and discharge of his debt, and there are no other incumbrances, creditors or purchasers, that a strict foreclosure should be allowed.

ERROR to the Circuit Court of Christian county; the Hon. W. R. WELCH, Judge, presiding. Opinion filed December 11, 1879.

Mr. JOHN B. JONES, for appellants; as to when a strict foreclosure will be allowed, cited Farrell v. Parlier, 50 Ill. 274.

The authority to render a decree for a balance on foreclosure is purely statutory: Mich. Ins. Co. v. Brown, 11 Mich. 272; Dunkley v. Van Buren, 3 Johns. ch. 330; Rev. Stat. ch. 95, § 16.

Mr. J. C. McBRIDE, for appellee; that the evidence in this case warranted a decree for strict foreclosure, cited Wilson v. Geisler, 19 Ill. 49; Johnson v. Donnell, 15 Ill. 97.

In chancery, on appeal to this court, no presumption prevails in favor of the finding as in trials at law: Flagg v. Stone, 85 Ill. 164.

DAVIS, P. J. Bill in equity to foreclose a mortgage. Plaintiffs

in error executed a mortgage to Daniel McCaskill to secure the payment of four notes given by George Miller to McCaskill for $2,210, the purchase money of the land mortgaged. The notes were assigned to the defendant in error, who, on the maturity of one of them, obtained a judgment in the county court of Christian county for the amount due on that note, which judgment remains unsatisfied and in full force. After the other notes became due, by the condition of the mortgage, defendant in error filed his bill in equity to foreclose, charging, among other things, that there was due him the sum of $2,220. That Miller was insolvent, and the land mortgaged insufficient to secure the amount due. That a dwelling house worth about five hundred dollars on the premises when mortgaged, had been since removed, and that Miller had failed to pay the taxes due on the land. That the mortgaged premises were worth only $1,600, and complainant was willing to take the land at that sum. The bill prayed that George Miller be required to pay the money due by a short day, or a sale be ordered, or a strict foreclosure be decreed. The plaintiffs in error having made default, a decree was rendered requiring George Miller to pay to defendant in error within ninety days the sum of $2,258, or that plaintiff in error be forever barred and foreclosed of and from all equity of redemption, and that defendant in error be let into the possession of the mortgaged premises. And the court having found the value of said premises to be $1,600, and that the complainant was willing to take them at that sum, further decreed that in addition to the mortgaged premises, the complainant should recover from George Miller the sum of $658 and costs, and that execution should issue therefor. To reverse this decree plaintiffs in error bring the cause to this court.

This decree is manifestly erroneous. In this State, strict foreclosures are not favored, and it is only in rare cases, when it appears the property is of less value than the debt for which it was mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in full satisfaction and discharge of his debt, and there are no other incumbrances on the property or creditors or purchasers of the equity of re-

demption, that a strict foreclosure should be allowed. Farrell, etc., et al. v. Parlier, 50 Ill. 274.

The evidence in this case might support a decree of strict foreclosure, provided the defendant in error would satisfy the judgment he obtained in the county court, and take the mortgaged property in discharge of his debt, but not otherwise. The court below erred in decreeing a strict foreclosure without requiring the judgment of defendants in error in the county court to be satisfied of record, and also in granting a money decree against Miller for the difference between the value of the mortgaged property and the amount found due from the mortgagor.

For these errors the decree must be reversed and the cause remanded.

Decree reversed.