JOHN BELDEN, RESPONDENT, v. WILLIAM H. SLADE, AS ASSIGNEE, ETC., AND OTHERS, APPELLANTS.

*Irregular foreclosure of mortgage — right of a judgment creditor, not a party to the foreclosure, to redeem from the sale — costs of the action.*

The plaintiff recovered a judgment against one Witty, which was docketed after five mortgages, given by Witty upon the premises described in the complaint in this action, had been duly recorded. Thereafter Witty failed and one Slade was appointed his assignee in bankruptcy. Subsequently the owner of the first mortgage brought an action to foreclose it, to which neither the assignee nor the plaintiff was made a party. At the sale under the judgment in that action the assignee, in pursuance of an agreement with the mortgagee, and under the belief that the plaintiff's judgment was paid, purchased the premises and thereafter conveyed them by a warranty deed to the defendant Banks for the sum of $3,300. In this action brought to redeem the premises the plaintiff procured a judgment directing that upon the payment to the defendant Banks of the amount of two of the mortgages and of the dividends received by the other two mortgagees (who satisfied their mortgages in consideration thereof) the plaintiff should be entitled to all the estate of the defendant Banks, and ordering her to make a conveyance of the premises to the plaintiff.

*Held*, that the conveyance from the assignee to the defendant Banks transferred to her not only the equitable rights of the mortgagees but also the unforeclosed equity of redemption vested in such assignee, and that the plaintiff having only an unenforced lien upon the premises was not entitled to the judgment directed below.

Although a subsequent incumbrancer seeking to redeem the premises from a sale, in a foreclosure action ineffectual as to him, will not be required to pay the costs of such ineffectual action, yet he will be required to pay the costs of the action to redeem brought by him unless it is improperly resisted by the defendant.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought by a judgment creditor to redeem certain premises in the town of Alden, in the county of Erie, from a sale had upon the foreclosure of a mortgage.

The judgment was against William Witty for $392.76, and was docketed in Erie county January 16, 1873. The mortgage was made by Witty to Truman Tremain, April 10, 1869, and recorded May 29, 1869, and was for $1,000. April 9, 1873, a petition in bankruptcy was filed against Witty, and on the 22d of May, 1873, he was adjudged a bankrupt, and soon thereafter William H. Slade was appointed his assignee. The action for foreclosure was commenced August 28, 1873, judgment was entered therein October 23, 1873, and on the 9th of December, 1873, the premises were sold under the judgment for $870.21, that being the amount due thereon.

Neither Slade, the assignee, nor Belden were made parties to that action, it having been erroneously supposed that Belden's judgment had been paid.

Micajah Maxon, Harriet Witty, Laura Blennerhassett and Elizabeth York were made parties defendant because each had a mortgage on the same premises made by William Witty, and executed and recorded after that to Tremain, but before the recovery of the judgment by Belden. There was due on these mortgages at the time of the foreclosure sale as follows: To Maxon, $350 and interest from January 22, 1872; to Harriet W. Witty, $1,017 and interest from January 4, 1873; to Elizabeth York, $500 and interest from January 4, 1873, and to Laura Blennerhassett, $930 and interest from the same date. Witty's bond in each instance accompanied his mortgage. The mortgages to Witty, York and Blennerhassett were severally given within four months of the filing of the petition in bankruptcy, to secure debts which were in part precedent, and Slade, as assignee, claimed, at the time he made the agreement hereinafter recited, that they were void under the bankrupt act.

This being the situation, pending the action of foreclosure and before the sale Tremain, the plaintiff, Slade, as assignee, and these mortgage creditors (all supposing that the Belden judgment had been paid) made an agreement by which it was arranged that Slade, as assignee, should purchase the premises at the foreclosure sale and execute to Tremain a mortgage for the amount due on his judg-

ment, and that he should also execute to Maxon a mortgage on the same premises to secure the payment of $396.06, the amount due on his mortgage; to Laura Blennerhassett a like mortgage to secure the payment of $671.03, a part of her debt, and allow her to prove her debt against the bankrupt's estate for the balance; and that Elizabeth York and Harriet W. Witty should also be permitted to prove their debts to the full amount against said estate and share in the dividends from such estate, and that they should discharge all their mortgages of record and accept in lieu thereof the new mortgages and the dividends.

This agreement was carried out by a sale of the premises and the execution of the mortgages and the subsequent payment of dividends from the estate July 22, 1875, as follows, viz.: To York, sixty-three dollars and sixty-six cents; to Blennerhassett, thirty-six dollars and twenty-one cents, and to Harriet W. Witty, $127.66; and the junior mortgagees on the day of the foreclosure sale discharged their mortgages in fact and of record.

On the 8th of May, 1874, Slade, as assignee, conveyed the premises by warranty deed to the defendant Almira E. Banks for $3,300, which she paid down and thereupon she took possession and received the rents, etc., of the land, which, at the date of the referee's report, amounted to $1,035. On the eleventh of May he paid out of the consideration moneys received from Mrs. Banks the new mortgages to Tremain, Maxon and Blennerhassett and took discharges thereof. There are no more moneys applicable to the payment of claims against Witty's estate, and there was no proof whether there were or were not other assets.

The referee decided that the plaintiff might redeem from the sale upon paying to Mrs. Banks the amount of the new mortgages to Tremain, Maxon and Blennerhassett, and of the dividends received by them and Harriet Witty and York, with interest, amounting in all to $2,802, less $1,035, the rents, etc., received by her, and that thereupon the plaintiff would be entitled to all the estate which Mrs. Banks had acquired from Slade free and clear from all the mortgages and liens aforesaid.

He also decided that the old mortgages could not be revived to any greater extent than the amount paid by Slade, as assignee as aforesaid, to procure their discharge, and that the plaintiff was not

bound to pay the costs of the foreclosure and sale in the action by Tremain.

*Thomas Corlett*, for the respondent.

*Sherman C. Rogers*, for the appellants.

HARDIN, J.:

Plaintiff, a judgment creditor of William Witty, is entitled to redeem of Mrs. Banks, so far as she is the assignee of the five mortgages executed by Witty upon the lands described in the com-plaint. (*Brainard* v. *Cooper*, 10 N. Y., 356, opinion of GARDINER, J.; *Gage* v. *Brewster*, 31 id., 218; *Peabody* v. *Roberts*, 47 Barb., 91; *Benedict* v. *Gilman*, 4 Paige, 58; *Reynolds* v. *Park*, 53 id., 36; *Ross* v. *Boardman*, 22 Hun, 527.)

Not having been made a party to the Tremain foreclosure the plaintiff's rights as a judgment creditor were not cut off by that fore-closure, and Slade, as assignee, was the purchaser at that foreclosure sale, and as such purchaser, acquired in equity the rights of an assignee of the Tremain mortgage to the extent of the debt then due upon that mortgage and the decree of foreclosure.

After payment of the moneys called dividends, Slade, as assignee, became in equity an assignee of the mortgages upon which he paid them *pro tanto* the payments, and by his conveyance to Mrs. Banks, in equity such mortgages were assigned to her, and she is entitled to receive the amount paid therefor by Slade, with interest, less the rents and profits received by her out of the mortgaged premises which she possessed as mortgagee under the covenants and assign-ments so passing to her.

A mortgagor cannot redeem without paying what is really due, and when a mortgagee buys in an incumbrance, he shall be allowed as against the mortgagor all that is due upon it, though he bought it for less. *But it is* otherwise if the heir *or trustee* of a mort-gagor buys in an incumbrance, as against subsequent incumbrancers and creditors, in which case he can only be allowed what he has paid for an incumbrance. (2 Barb. Ch. Pr. [Rev. ed.], 199, and two cases cited in note *p.*)

But she acquired more than the rights of an assignee of such

mortgages, when she took the title from Slade as assignee, and paid him $3,300 for the premises.

Slade, as assignee, held the equity of redemption in the premises before and at the time of the sale upon the Tremain decree of foreclosure, which he took from Witty the debtor, subject, it is true, to the lien of the five mortgages and the plaintiffs judgment. ( *Winslow* v. *Clark*, 47 N. Y., 261.) To the Tremain foreclosure, Slade, as assignee, was not made a party, and such title was not thereby cut off, and in equity, it may be said he held such legal title independent of the rights acquired at the foreclosure sale. The equitable rights were not merged in the legal title. (*Franklin* v. *Hayward*, 61 How., 45 ; *Payne* v. *Wilson*, 74 N. Y., 354.)

While he cannot question the validity of the Tremain mortgage, and while he doubtless would be estopped from setting up a title in the premises as against his grantee, he is not as to the plaintiff here, estopped.

Nor is his grantee, Mrs. Banks, left to stand as against the plaintiff upon the equitable interests which she takes as assignee of the mortgages which come to her through the Tremain foreclosure and the conveyance of Slade. Plaintiff has never sold the equity of redemption. He is not entitled to a conveyance thereof from the defendant Mrs. Banks, no more than he would have been while it remained in Slade, as assignee, the plaintiff's judgment debtor.

It may be assumed that so much of the money paid by Mrs. Banks to Slade, as assignee, as was required to pay for the equitable rights held by him in virtue of the mortgages acquired by him, was paid therefor, and that the balance was paid to Slade to acquire the equity of redemption held by him, which he acquired directly from Witty, the bankrupt, through the proceedings in bankruptcy.

To obtain such balance it may be assumed Slade gave such title, and his covenants of warranty to Mrs. Banks. Thus she has acquired the legal title from Slade, and the equitable rights which he acquired as purchaser at the Tremain sale, and by means of the several payments which he made to acquire the mortgages.

So far as the report and judgment in this case require Mrs. Banks to convey to the plaintiff the title which she thus acquired, independent of the equitable interests in the mortgages, they *do injustice* to Mrs. Banks. They leave her only a right of action against Slade

upon his covenant of warranty to recover so much of the purchase money paid by her as remains unrestored by realizing what was paid by Slade for the mortgages, and paid to her as in liquidation of her rights as assignee of the mortgages.

Besides, if she is required to part with such title to the plaintiff and he be allowed to acquire it as " the owner thereof," as stated in the sixth finding of law, the defendant is required to part with it without any adequate compensation, and the plaintiff is allowed to acquire it without any judicial sale thereof or equivalent compensation.

If she be compelled to execute " all such conveyances and acquitances as may be necessary properly to carry out and enforce the decree " which declares, viz., " that the plaintiff shall *be vested* with all the title conveyed to the said Almira E. Banks by said defendant Slade, free and clear from all liens and incumbrances," then the plaintiff would acquire the legal title without any sale by judicial proceedings either upon his execution against the debtor or by virtue of any foreclosure having validity against the former or present owner.

He has come into a court of equity, asking equity and he should be required to do equity. (2 Fonbl. Eq., B. 2, chap. 3, § 9, and note 3 to Story's Eq., § 1023.)

Such a result ought not to be accomplished in the name of equity. The mortgage foreclosure was no more effectual upon the equity of redemption than upon the rights of plaintiff as judgment creditor. (*Van Slyke* v. *Shelden*, 9 Barb., 278; 22 Hun, 527; *Winslow* v. *Clark, supra*.)

The legal title of the mortgagor passed to his assignee Slade, and as Slade was not a party to the foreclosure as assignee, he had the legal title and it was competent for him to pass that legal title, together with the equitable interests he acquired in the lands in virtue of becoming an assignee of the Tremain mortgage by means of the purchase at the sale as against the plaintiff here, and he transferred such equitable interests, as well as the legal title to Mrs. Banks. (*Trimm* v. *Marsh*, 54 N. Y., 599.) That the plaintiff could sell upon his judgment and execution, and Mrs. Banks might become a purchaser thereof. (*Trimm* v. *Marsh, supra*.) Until a sale it remains in Mrs. Banks, and in virtue of it she would be entitled to

redeem from any sale which the plaintiff can make upon his judgment. It is a valuable title which ought not to be divested in a summary mode. (*Farrell* v. *Parler*, 50 Ill., 274.)

It was said in *Bolles* v. *Duff* (43 N. Y., 474) that in general strict foreclosures are regarded as a severe remedy, as they transfer the title without any sale; and Judge PECKHAM added in that case, "they are now rarely pursued or allowed in this State, except in cases where a foreclosure has once been had and the premises sold, but some judgment creditor or person similarly situated not having been made a party, has a right to redeem. As to him, a strict foreclosure is proper."

In the case in hand we have attempted to show that the legal title has not been sold, and the defendant Banks holds it unforeclosed and she is entitled to hold it until divested in the mode prescribed by statute for enforcing judgments and mortgages by foreclosure or sale upon execution, especially as no reason is given for asking the intervention of a court of equity to interpose and compel her to convey it to a lienor.

In *Brainard* v. *Cooper* (10 N. Y., 349) it is stated that the plaintiff there held a lien which would expire before a sale by execution could be made effectual. "His sole remedy was by redemption." Not so here.

It was held in *Pardee* v. *Van Anken* (3 Barb., 534) that every person who has any right to, or interest, *or lien* upon the lands embraced in a mortgage which is liable to be foreclosed, is entitled to a redemption, and that the *owner of the fee* of the equity of redemption redeems *the land itself*; and the decree in such cases directs the mortgagee to convey all his right and title *to the premises* to the redeeming party. "The owner of a junior incumbrance redeems not the premises, strictly speaking, but the senior incumbrance, and he is entitled *not to a conveyance* of the *premises*, but to *an assignment of the security*."

In that case it was held further, that a satisfaction would not afford adequate relief, and that an assignment should be made of the prior mortgage.

The learned judge who delivered the opinion in that case said the right to an assignment "springs directly from the general right of redemption." (*Dauchy* v. *Bennett*, 7 How., 375.) JOHNSON, J.,

in alluding to *Pardee* v. *Van Anken* (*supra*), says the right to an assignment does not spring from the right to redemption, but "rather from the necessity of the assignment to the protection of some right in the person redeeming;" and then he adds that to entitle a party to an assignment he should show that such an assignment is necessary to protect such title or funds in his hands. And JOHNSON, J., adds: That before a sale upon judgment the creditor had a mere lien, and had they then come to redeem would have redeemed the prior incumbrance, and not the premises. (7 How., 378.)

The rule laid down in these two cases is applicable here, and shows that the report and decree are erroneous in requiring a conveyance by Mrs. Banks of the premises to the plaintiff, who has only a judgment lien upon them. (*Salmon* v. *Allen*, 11 Hun, 32.)

It is well settled that a party having a subsequent incumbrance when he redeems need not pay costs of a foreclosure ineffectual as to the party redeeming. (*Vroom* v. *Ditmas*, 4 Paige, 526; *Benedict* v. *Gilman*, Id., 58; *Vanderkemp* v. *Shelton*, 11 id., 28; *Peabody* v. *Roberts*, 47 Barb., 91; 31 N. Y., 218.) It is equally well settled that a party thus redeeming should pay costs of the suit to redeem, unless the defendant improperly resists the right to redeem. (*Vroom* v. *Ditmas*, *supra*; *Raynor* v. *Selmes et al.*, 52 N. Y., 582.) We find no evidence in the case of any improper resistance by the defendants, Mrs. Banks and Slade, and we therefore see no ground upon which the referee, within settled rules, should have charged upon them the costs of the redemption suit. (*Benedict* v. *Gilman*, *supra*; Willard's Eq. Jur., 449.)

Judgment reversed, and a new trial ordered before another referee, with costs to abide the event.

SMITH, P. J., and HAIGHT, J., concurred.

So ordered.