## FREEMAN v. STATE.

[67 South. 460—60 South. 782.]

1. BANKS AND BANKING. *Insolvency. Offenses. Receiving deposits. Indictment and information. Amendment. Description of deposit. Criminal law. Evidence.*

The time laid in the indictment not being "of the essence of the offense," the fact that the indictment charges that a deposit was received into an insolvent bank on February 23rd, and the proof showed it was on February 11, was not a fatal variance.

2. AMENDMENT. *Description of deposit. Indictment.*

Where an indictment for receiving deposits in an insolvent bank described the deposit as seven dollars and fifty cents current and lawful money, while the evidence showed that the deposit consisted of one dollar and fifty cents in cash, a check for two dollars, and a town warrant for four dollars, the court under Code 1906, section 1508, properly permitted the indictment to be amended to conform to the proof.

3. CRIMINAL LAW. *Banks and banking. Insolvency. Receiving deposits. Evidence.*

On the trial of defendant for receiving deposits in an insolvent bank in February, 1911, it was incompetent, in order to show the insolvency of the bank, to introduce an assignment for the benefit of creditors, made by the directors of the bank in December, 1911, and a petition and order making the assignee a receiver of the chancery court. "Things done between strangers ought not to injure those who are not parties to them."

4. CRIMINAL LAW. *Expert testimony. Insolvency.*

That a bank was insolvent at a certain date was not a fact to be proven by expert or opinion evidence.

5. CRIMINAL LAW. *Opinion evidence.*

The opinion of a witness that a bank was insolvent on a given date, if admissible, would not be permitted without showing that he was in possession of data on which to base his opinion.

6. BANKS AND BANKING. *Insolvency. Offenses. Receiving deposits.*

In a prosecution for receiving a deposit in an insolvent bank, evidence that defendant, in making a loan for the bank, exceeded his authority is inadmissible.

·7. SAME.
    Nor in such a prosecution should the assessment roll be° admitted,
      since the fact that the owner of the property therein listed had
      admitted it to be of certain value was no evidence of such
      value as against defendant.

APPEAL from the circuit court of Lawrence county.

HON. ALLEN THOMPSON, Special Judge.

T. M. Freeman was convicted of receiving a deposit
in an insolvent bank and appeals.

The facts are fully stated in the opinion of the court.

*Whittington & McGehee,* for appellant.

*Ross A. Collins,* Attorney-General, for the state.    •

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of the crime of
receiving a deposit in an insolvent bank without inform-
ing the depositor of the insolvency thereof.

Two of appellant's assignments of error are based
upon a claim of fatal variances between the allegations
of the indictment and the proof:

First. Because the date of the receipt of the de-
posit laid in the indictment was the 23d day of Febru-
ary, 1911, while the actual date thereof, as shown by
the proof, was the 11th day of February, 1911. There
is no merit in this contention, the time laid in the in-
dictment not being "of the essence of the offense."

Second. Because the deposit alleged to have been re-
·ceived was described in the indictment as "seven and
fifty-one hundredths dollars current and lawful money of
the United States of America," while the deposit proven
to have been received consisted "of one dollar and
fifty cents in cash and check of one Nelson for two dol-
lars, and a town warrant for the sum of four dollars."
It will be observed that a portion of this deposit did
in fact consist of lawful money of the United States of

America; but, conceding that there was a variance between the description of the deposit as contained in the indictment and the proof, the court, under the provisions of section 1508 of the Code, properly permitted the district attorney to amend the description of the deposit contained in the indictment to conform to the proof.

Appellant was cashier of the Merchants' & Planters' Bank, of Silver Creek, on the 11th day of February, 1911, but resigned as such some time in March following, and was not thereafter connected therewith. The method by which it was attempted to prove the insolvency of the bank on the date of the receipt of the deposit in question was this: An assignment of the property of the bank for the benefit of creditors, executed by the members of its board of directors on December 20, 1911, together with the petition of the assignee therein named filed in the chancery court of Lawrence county, requesting his appointment as receiver under the statute, and an order so appointing him, was introduced in evidence. Mr. R. L. Crook, an expert accountant, was then introduced as a witness, and testified that he had audited the books of the bank since the assignment, and that in his opinion the bank was insolvent on the 11th day of February, 1911. This opinion was based, not upon any knowledge which the witness had of the value of the property and securities belonging to and held by the bank, or of the ability of the bank to then meet its obligations, but merely from the fact that the books disclosed that a number of accounts that were due the bank on that date, February 11, 1911, still remained unpaid, from which fact the witness supposed they were worthless, for the reason that if good he supposed they would have been collected, and the further fact that if these accounts were worthless on February 11, 1911, the bank, according to the books thereof, was then insolvent. Evidence

was then introduced showing that the property de-
scribed in the deeds of trust securing several accounts
due the bank on the 11th day of February, 1911, and
which, if worthless, were sufficient in amount to render
the bank insolvent according to the books thereof, was
much less in value than the amount of the accounts
attempted to be secured thereby, and that some of these
accounts represented money loaned by appellant in ex-
cess of the authority conferred upon him by the bank's
board of directors.

One method by which the value of the property de-
scribed in these deeds of trust was attempted to be
shown was by the introduction of the county assess-
ment roll. This evidence, in so far as the real prop-
erty was concerned, was excluded, but was permitted
to go to the jury in so far as the personal property
was concerned. Why this distinction was made in the
evidence does not appear. There was no evidence,
other than this, tending to show the actual value of
these accounts.

The assignment, petition, and order, making the as-
signee in the assignment a receiver of the chancery
court, should not have been admitted. Appellant was
not a party thereto and was not bound thereby. "Things
done between strangers ought not to injure those who
are not parties to them." This assignment proves
nothing with reference to the insolvency of the bank,
but was probably a very powerful factor in convincing
the jury that such was the fact.

The opinion of R. L. Crook that the bank, on Febru-
ary 11, 1911, was insolvent, should have been excluded
for two reasons: First, that fact is not one to be prov-
en by expert or opinion testimony; and, second, even
if it is, the witness was in possession of no data upon
which to base an opinion.

Whether in making the loans for the bank appellant
exceeded his authority was wholly immaterial; the sole

inquiry being the solvency, *vel non,* of the bank, upon which fact this evidence could throw no light whatever,. and therefore it should not have been admitted. The course of the examination of the witness by which this proof was made seems to indicate that the court was. trying appellant not for the crime laid in the indictment,. but for having made loans in excess of the authority conferred upon him.

The assessment roll should not have been admitted.. Appellant was not bound thereby, and, the fact that. the owner of the property therein listed had admitted it to be of a certain value was no evidence of such value as against appellant.

With this evidence out of the record, there remains. practically nothing upon which to base a conviction.

*Reversed and remanded..*