J. M. Pruett and Albert G. Pruett, Defendants in Error, v. C. D. Midkiff et al., Plaintiff in Error.

Opinion filed December 26, 1933.

JAMES B. LEWIS (deceased), and FINNEY & WHITE-SIDE, for plaintiff in error.

MILEY & COMBE, for defendants in error.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

This is a suit filed by J. M. Pruett and F. M. Pruett for the strict foreclosure of two mortgages upon a

certain business block in the City of Harrisburg, Saline county.

The averments of the bill disclose that on July 1, 1925, Mary B. Midkiff and C. D. Midkiff, her husband, executed a mortgage upon the premises in question, in favor of the International Life Insurance Company, to secure a series of promissory notes aggregating $25,000, which notes and mortgage, by assignment, became the property of the complainants; that on August 16, 1928, said Mary B. Midkiff departed this life, and that the premises, which had belonged to her, became the property of her said husband; that the latter, on September 26, 1931, mortgaged the same to the First Trust & Savings Bank of Harrisburg, to secure an indebtedness of $5,000, as evidenced by his promissory note of even date, to the order of said bank, and that the last mentioned mortgage was duly assigned to the complainants by the bank.

The bill further sets forth that the mortgages were in default as to certain items; that the premises were of less value than the mortgage indebtedness; that C. D. Midkiff was insolvent, as was the estate of Mary B. Midkiff; that complainants were willing to take the premises in satisfaction of their debt, and praying for a strict foreclosure.

C. D. Midkiff answered the bill, denying, generally, its allegations; issues having been joined, the cause was referred to the master to take and report proofs and findings. After a hearing before the latter, he reported, finding in favor of complainants, and recommending a decree in accordance with the prayer of the bill. Objections to the report being overruled, the exceptions thereto were heard by the chancellor, who overruled same, approved the master's report, and entered a decree for strict foreclosure of the mortgages, to reverse which decree, C. D. Midkiff has sued out this writ of error.

Pending the litigation, complainant, F. M. Pruett, died. This fact being suggested of record, his heirs, J. M. Pruett and Albert G. Pruett, to whom his estate passed by law, were substituted in his stead as parties to the cause.

There was a stipulation of record by the parties, to the effect that the objections and exceptions to the evidence heard before the master would be reserved, and same might be made on the hearing before the chancellor, to the same extent and purpose as if made at the hearing before the master. The amount found due from the defendant C. D. Midkiff, to the complainants, on account of such mortgage indebtedness, was $27,335.23.

It is contended, as ground for reversal, that there is no competent evidence showing said C. D. Midkiff to be insolvent, and that same must be proven in order to warrant a decree of strict foreclosure.

The law which governs the strict foreclosure of mortgages, in Illinois, is tersely stated in *Farrell v. Parlier*, 50 Ill. 274, where the court, in declaring the rule, said: "In our State, and in view of our statute, it is only in strong cases, which form exceptions, that there should be decreed strict foreclosure, or a sale without redemption. It may be, in rare cases, when it appears the property is of less value than the debt for which it was mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt, that a strict foreclosure may be allowed."

The rule, so declared, has been since adhered to, and is the settled law of the State. *Carpenter v. Plagge*, 192 Ill. 82; *Boyer v. Boyer*, 89 Ill. 447; *Sheldon v. Patterson*, 55 Ill. 507.

As an essential of complainants' case, it was necessary to aver and prove that the mortgagor was insolvent, and being required to prove such element, it was obligatory upon complainants, who had the affirmative

of the issue, to establish same by the greater weight of the evidence. *Singer v. Jennison,* 60 Ill. 443; *Proudfoot v. Wightman,* 78 Ill. 553.

Upon the question whether the mortgagor was insolvent, but little testimony was offered. It appears that the only proof bearing upon this proposition was that of complainant J. M. Pruett, and defendant C. D. Midkiff. Complainants below deemed the original abstract filed in this court insufficient, and supplied the defects, as they conceived them, with a supplemental abstract of the record, on page 3 of which appears the testimony of Mr. Pruett, relative to this subject, as follows: "I don't know of any other property Dr. Midkiff has, out of which we could make any part of this debt. He has signed all his property and personal property away. I have been acquainted with Dr. Midkiff since about 1908. I think I am acquainted with his financial condition. He is insolvent."

On page 10 of the supplemental abstract, in the cross-examination of C. D. Midkiff, he is shown to have testified: "Taxes on my other property have become delinquent. I suppose they were sold for taxes."

Defendant insists that the testimony of Mr. Pruett, relative to his insolvency, was incompetent, and that such fact has not been established by the evidence. It will be observed that the witness did not testify to any fact or circumstance bearing upon such question, before he expressed his opinion thereon. Such opinion was, necessarily, his conclusion, and predicated upon nothing, except his further statement that C. D. Midkiff had conveyed away all his property, which was also a conclusion, and based upon no stated facts from which such a deduction might be drawn; and further, that he thought he was acquainted with his financial condition. No circumstance was mentioned from which it might be inferred that he was familiar with, or knew, his financial state, hence this was also his conclusion.

It thus appears that on this record the testimony relating to Dr. Midkiff's insolvency was the conclusion of Mr. Pruett, based upon two other conclusions. That such testimony is incompetent, and without any probative force, is sustained by the authorities, which hold that solvency or insolvency cannot be established by the mere opinion or conclusion of a witness. The witness should first detail the facts and circumstances, within his knowledge, which bear upon the financial condition of the party, so that the court may see whether or not the items, as stated, have relevancy to the question of solvency, before he may express an opinion thereon. *Martin v. Hertz,* 224 Ill. 84; *Freeman v. State,* 108 Miss. 818, 67 So. 460; *State v. Myers,* 54 Kan. 206, 38 Pac. 296; *State v. Stevens,* 16 S. D. 309, 92 N. W. 420; *Wolfson v. Allen Bros. Co.,* 120 Iowa 455, 94 N. W. 910.

The stipulation of the parties reserved to each the right to object to any testimony offered before the master, upon the further hearings before the court; hence they can properly urge the objections now. Such testimony was improper, and should not have been considered by the chancellor. Without it there is no evidence bearing upon the insolvency of C. D. Midkiff.

Moreover, it appears on page 10 of the supplemental abstract that during the cross-examination of the latter, he testified: "Taxes on my other property have become delinquent. I suppose they were sold for taxes." Here is evidence that, instead of being devoid of assets, except the mortgaged premises, he had other holdings. It is manifest that if he had allowed taxes on his other property to become delinquent, he must have been owner of, or at least had some interest in, such possessions, though as to their location, character or value, the record is silent.

Mr. Pruett further testified that he had examined the records of Saline county, and did not find any judgments against Dr. Midkiff.

Insolvency signifies the financial condition of a person whose entire estate, if converted into money without unreasonable haste or sacrifice, would not suffice to discharge his debts. 32 Corpus Juris 805; *Chicago & S. E. Ry. Co. v. Kenney,* 159 Ind. 72, 62 N. E. 26; *Jeffris v. Fitchburg R. Co.,* 93 Wis. 250, 67 N. W. 424, at page 426.

The legal presumption is that a person is solvent, and whoever asserts the fact of insolvency assumes the burden of proving it. 7 Ency. of Ev., 482; *State Bank of Clinton v. Barnett,* 250 Ill. 312, 319.

Here the burden rested upon the complainants, who charged Dr. Midkiff with being insolvent, to prove same. As we have seen, they offered no competent proof of the fact. The conclusions of Mr. Pruett were not proper evidence, had no probative force, and should be disregarded; without which, there was no evidence upon which to base a finding that C. D. Midkiff was insolvent. Upon this record, we are constrained to hold that complainants have failed to establish, by the greater weight of the testimony, the fact of the mortgagor's insolvency, for which reason, a decree of strict foreclosure was not warranted.

The evidence establishes that complainants are entitled to the ordinary foreclosure, by sale of the mortgaged premises, with the statutory right of redemption. In fact, we do not understand that the defendant contends to the contrary. The proof, in our opinion, does not justify a decree for strict foreclosure, for which reason, the decree is reversed and the cause is remanded.

*Reversed and remanded.*